**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-16001
_____

D.C. Docket No. 02-00070-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY WADE HEMBREE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

(AUGUST 23, 2004)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

BY THE COURT:

On July 23, 2004, this court denied Appellant's motion for leave to file a

supplemental brief pursuant to *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct.

2531 (2004). Appellant now files a motion seeking to either file a substitute

principal brief, or seeks this court's reconsideration of its July 23, 2004, Order. Appellant is attempting to do indirectly what he cannot do directly – raise a *Blakely* issue when it was not raised in his initial brief.

This court's precedent establishes that a party may not raise through a supplemental brief an issue not previously raised in his principal brief. *See U.S. v. Curtis*, ___ F.3d ___, No. 02-16224 (11th Cir. August 10, 2004); *U.S. v. Levy*, ___ F.3d ___, No. 01-17133 (11th Cir. August 3, 2004); *U.S. v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001); *U.S. v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001); *U.S. v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000). Therefore, to the extent that Appellant seeks reconsideration of the July 23, 2004, Order, his motion is **DENIED**.

To the extent that Appellant's motion seeks to file a substitute principal brief for the purpose of raising a *Blakely* issue, we hold that such *Blakely* motions to file a substitute or amended principal brief should be construed as motions to file a supplemental brief and should be denied. Such *Blakely* motions must be construed for what they are. Otherwise, this court would be permitting Appellant, through a motion for a substituted or amended principal brief, to circumvent improperly our above precedent and to do indirectly what Appellant cannot do directly. Nor will we *sua sponte* order the filing of substituted or amended principal briefs. To do so is impermissible as it too would circumvent improperly

2

the above precedent of this court that forbids raising new issues by supplemental briefs. Accordingly, Appellant's motion to file a substitute principal brief is also **DENIED.**