[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2005
THOMAS K. KAHN
CLERK

No. 04-11084
Non-Argument Calendar

_____

D. C. Docket No. 03-80082-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GADIER F. NAZARIO,
a.k.a. Bimbo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 21, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v. Booker, 543 U.S. __, 125 S.Ct 738, __, L.Ed.2d __ (2005). We previously dismissed Defendant Gadier Nazario's appeal. See United States v. Nazario, No. 04-11084 (Nov. 5, 2004). The Supreme Court vacated the judgment and remanded the case to us following its decision in Booker. See United States v. Nazario, __ S.Ct.__, 2005 WL 871068 (May 16, 2005).

On September 10, 2003, a grand jury indicted Nazario for multiple counts in connection with a heroin distribution ring. Nazario pled guilty to Count I, conspiring to possess with intent to distribute at least 1,000 grams of heroin. Nazario further agreed to forfeit $40,000, and waived his statutory right of appeal. In return, the Government agreed to dismiss all remaining counts while reserving the right to inform the court of all pertinent facts, recommend a punishment, and the right to appeal the sentence.

The probation office prepared a Presentence Investigation Report, which prompted the Government to recommend that Nazario receive a four-level leadership enhancement, pursuant to U.S.S.G. § 3B1.1. At the sentencing hearing, the district court sentenced Nazario to 151 months' imprisonment, which included a three-level enhancement for Nazario's role as a manager or supervisor in the

2

conspiracy. The district court also sentenced Nazario to 60 months of supervised release, and the $100.00 mandatory assessment.

Nazario appeals on the ground that the Government's retention of its right to appeal his sentence effectively invalidated the appeal waiver he agreed to via the plea agreement. Thus, Nazario argues that this Court should consider his argument on appeal that the trial court erred in assessing a leadership enhancement against Nazario.

In his initial brief, Nazario did not assert error in his sentence based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or its progeny. Only in the reply brief did Nazario rely on Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed. 403 (2004), arguing that the district court violated his Fifth Amendment rights by increasing his offense level based on facts not charged in the indictment.[1]

Finding that the Defendant knowingly and voluntarily entered the plea agreement and that he understood the ramifications of his appeal waiver, this Court dismissed Nazario's appeal. Nazario then petitioned the United States

---

[1] Prior to Booker, this Court has held that claims not raised on appeal, including Blakely claims, are deemed waived. United States v. Hembree, 381 F.3d 1109, 1110 (11th Cir. 2004); United States v. Curtis, 380 F.3d 1308, 1310-11 (11th Cir. 2004); United States v. Levy, 379 F.3d 1241, 1242-44 (11th Cir. 2004).

Supreme Court for a writ of certiorari, and was allowed to submit a supplemental brief challenging his sentence.

This Court recently addressed a similar case which had been remanded in light of Booker. See United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005). In Dockery, we observed that the appellant in that case did not raise a constitutional challenge or an argument based on Apprendi or Apprendi principles. See Dockery at 1262. We further noted how we handled cases which were remanded with instructions to reconsider in light of Apprendi:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

Id. at 1262-63 (quoting United States v. Ardley, 242 F.3d 989, 990 (11th Cir.), cert. denied, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001).

Because he made no arguments in his initial brief raising Booker/Apprendi issues, and because we find his waiver of appeal to be valid, Nazario has abandoned those issues. Accordingly, we reinstate our previous opinion in this case and dismiss, once again, the Defendant's appeal after our reconsideration in

4

light of <u>Booker</u>, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED.**