[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-14318
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00117-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMIE LEE BYRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 26, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v. Booker, 543 U.S. __, 125 S.Ct 738, __, L.Ed.2d __ (2005). We previously affirmed Defendant Jimmie Lee Byrd's appeal, with a limited remand to correct a clerical error in the judgment of conviction. See United States v. Byrd, No. 03-14318 (Dec. 22, 2004). The Supreme Court vacated the judgment and remanded the case to us following its decision in Booker. See United States v. Byrd, 125 S.Ct. 2535 (May 31, 2005).

Jimmie Lee Byrd directly appealed his life sentence for conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952, 963, 960(b)(1), 851 ("Count 1"); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), 851 ("Count 2"); importation of five kilograms or more of cocaine, in violation of §§ 952(a), 960(b)(1)(B), 851 ("Count 3"); and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851; 18 U.S.C. § 2 ("Count 4"). The jury returned a guilty verdict on all counts.

In regard to the substantive conviction, Byrd argued that the district court erred in denying: (1) his motion to suppress evidence seized from a vessel; and (2)

his motion for a judgment of acquittal on Counts 2 and 4 of his indictment. We affirmed Byrd's conviction. Byrd further argued, in relation to his sentence, that the district court erred in: (1) enhancing his offense level by two levels, pursuant to U.S.S.G. § 2D1.1(b)(2)(B), based on his serving as a captain of a vessel used in the conspiracy; (2) enhancing his sentence, pursuant to 21 U.S.C. §§ 851, for Byrd's previous criminal convictions; and (3) refusing to grant a downward departure, pursuant to U.S.S.G. § 5K2.0, based on Byrd's "act of humanitarianism." We also affirmed Byrd's sentence, but remanded the case to the district court because the judgment of conviction erroneously reflected that Byrd's convictions in Counts 2 and 4 involved five grams of cocaine, instead of five kilograms. After we issued our opinion, Byrd sought a writ of certiorari to the United States Supreme Court based upon its recent decision in Booker.

In his initial brief, Byrd did not assert error in his sentence based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or its progeny. Only in the reply brief did Byrd rely on Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed. 403 (2004), arguing that the district court violated his Fifth Amendment rights by increasing his offense level based on facts

not charged in the indictment.[1]

This Court recently addressed a similar case which had been remanded in light of Booker. See United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005). In Dockery, we observed that the appellant in that case did not raise a constitutional challenge or an argument based on Apprendi or Apprendi principles. See Dockery at 1262. We further noted how we handled cases which were remanded with instructions to reconsider in light of Apprendi:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

Id. at 1262-63 (quoting United States v. Ardley, 242 F.3d 989, 990 (11th Cir.), cert. denied, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001).

Because he made no arguments in his initial brief raising Booker/Apprendi issues, Byrd has abandoned those issues. Accordingly, we reinstate our previous opinion in this case and affirm, once again, the Defendant's conviction and

---

[1] Prior to Booker, this Court has held that claims not raised on appeal, including Blakely claims, are deemed waived. United States v. Hembree, 381 F.3d 1109, 1110 (11th Cir. 2004); United States v. Curtis, 380 F.3d 1308, 1310-11 (11th Cir. 2004); United States v. Levy, 379 F.3d 1241, 1242-44 (11th Cir. 2004).

sentence after our reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's mandate. We further remand this case to the district court for the limited purpose of correcting the clerical error in the judgment of conviction.

**OPINION REINSTATED. CONVICTIONS AND SENTENCES AFFIRMED; LIMITED REMAND TO CORRECT CLERICAL ERROR IN JUDGMENT OF CONVICTION.**