[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-16001
Non-Argument Calendar

_____

D. C. Docket No. 02-00070-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY WADE HEMBREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 30, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v. Booker, 543 U.S. __, 125 S.Ct 738, __, L.Ed.2d __ (2005). We previously dismissed Defendant Gregory Wade Hembree's appeal. See United States v. Hembree, No. 03-16001 (Dec. 8, 2004). The Supreme Court vacated the judgment and remanded the case to us following its decision in Booker. See United States v. Hembree, 125 S.Ct. 2904 (June 13, 2005).

A jury convicted appellant Gregory Wade Hembree of one count of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). The same jury also convicted Hembree of one count of perjury, and Hembree later pled guilty to a charge of failing to appear. The district court then consolidated Hembree's cases for sentencing. Hembree made two claims of error with regard to the manner in which the district court determined his final sentence. Hembree argued that the court failed to properly credit him for acceptance of responsibility in the failure to appear case, and that it misapplied U.S.S.G. § 2J1.6, resulting in his obstructive conduct being counted twice. Hembree objected on both grounds at the time of sentencing, and the district court overruled them.

Hembree's presentence report combined the sentencing for the conspiracy

and perjury conviction along with the sentencing for the failure to appear conviction under U.S.S.G. § 3D1.2(c) for the purpose of determining the offense level. Because the jury held the Defendant responsible for over 500 grams of cocaine, but less than two kilograms, Hembree's base offense level totaled 26 pursuant to § 2D1.1. An additional two points were added to the offense level for obstruction of justice when Hembree testified falsely at his own trial. An offense level of 28 and criminal history category of I scored the Defendant's guideline range between 78 and 97 months. The presentence report also detailed that any sentence for Hembree's failure to appear was to run consecutively pursuant to 18 U.S.C. § 1623.

At Hembree's sentencing hearing, the court sustained the two-point addition for obstruction of justice, but granted a two-level reduction under the safety valve provision, returning the Defendant's offense level to 26. Thereafter, the court departed upward two levels to account for Hembree's additional obstructive actions. This departure resulted in a total offense level of 28. Hembree argued for another two-point reduction for his acceptance of responsibility in his failure to appear case, based upon his voluntary surrender to authorities. The court rejected Hembree's argument, but commented that it would take Hembree's contrition into account in some other fashion when imposing sentencing.

The district court originally sentenced Hembree to 80 months for the drug conspiracy to run concurrently with 60 months for perjury. The court tacked on another 12-month term for the failure to appear charge. The total sentence amounted to 92 months, which the court explained was within the guideline range while simultaneously acknowledging Hembree's acceptance of responsibility with respect to the failure to appear case.

After the court imposed the sentence, the Defendant continued to argue for a further reduction for acceptance of responsibility. The district court responded by reducing the drug conspiracy sentence to 78 months, as the 12 month sentence was already the minimum in the failure to appear case. Hembree's final sentence was then 90 months; 78 months for the conspiracy and perjury charges and 12 months for failure to appear.

We affirmed both Hembree's conviction and sentence. After we issued our opinion, Hembree sought a writ of certiorari to the United States Supreme Court based upon its recent decision in Booker.

In his initial brief, Hembree did not assert error in his sentence based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or its progeny. Only later, after briefing had ended, did Hembree seek to file a supplemental brief based upon Blakely v. Washington, 542 U.S. ___, 124 S.Ct.

4

2531, 159 L.Ed. 403 (2004), in order to argue that the district court violated his Fifth Amendment rights by increasing his offense level based on facts not charged in the indictment. We denied that request.[1]

This Court recently addressed a similar case which had been remanded in light of Booker. See United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005). In Dockery, we observed that the appellant in that case did not raise a constitutional challenge or an argument based on Apprendi or Apprendi principles. See Dockery at 1262. We further noted how we handled cases which were remanded with instructions to reconsider in light of Apprendi:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

Id. at 1262-63 (quoting United States v. Ardley, 242 F.3d 989, 990 (11th Cir.), cert. denied, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001).

Because he made no arguments in his initial brief raising Booker/Apprendi

---

[1] Prior to Booker, this Court has held that claims not raised on appeal, including Blakely claims, are deemed waived. United States v. Hembree, 381 F.3d 1109, 1110 (11th Cir. 2004); United States v. Curtis, 380 F.3d 1308, 1310-11 (11th Cir. 2004); United States v. Levy, 379 F.3d 1241, 1242-44 (11th Cir. 2004).

issues, Hembree has abandoned those issues. Accordingly, we reinstate our previous opinion in this case and affirm, once again, the Defendant's conviction and sentence after our reconsideration in light of Booker, pursuant to the Supreme Court's mandate.[2]

**OPINION REINSTATED. CONVICTIONS AND SENTENCES AFFIRMED.**

---

[2] We note that Hembree did not accept responsibility for each of his crimes. The district court pointed to three instances of obstruction of justice: Hembree's false testimony at his co-conspirator's trial, his false testimony at his own trial (including at least 22 distinct episodes of testifying falsely), and his failure to appear for sentencing. Hembree only accepted responsibility for failing to appear at sentencing. He made no attempt to accept blame for committing perjury. Although the district court declined to give Hembree the § 3E1.1 reduction, it did consider Hembree's acceptance when it imposed the ultimate sentence of 90 months. The 90 months reflected a minimal sentence of 12 months for failing to appear, and 78 months, reduced from the original 80 months on the perjury and conspiracy counts. Therefore, Hembree has failed to show that the district court clearly erred in refusing to give him a downward adjustment under § 3E1.1.

Furthermore, while we agreed that Hembree correctly found error with the district court's calculation method for the failure to appear conviction, such error was harmless. The district court should have first selected a total punishment within the guideline range of 78 to 97 months, and, second, divided that total punishment to satisfy the consecutive sentence requirements of 18 U.S.C. § 3146(b)(2). Instead, the district court calculated the offense levels independently for each offense, finding that it could not depart from either a 78-month sentence for conspiracy or a 12-month sentence for failing to appear. The resulting 90-month sentence was well within the guideline range and in accordance with the consecutive sentence requirements of 18 U.S.C. § 3146 and the "total punishment" requirement of U.S.S.G. § 5G1.2.