[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2006
THOMAS K. KAHN
CLERK

No. 05-16228
Non-Argument Calendar

_____

D. C. Docket No. 05-00040-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE ROBERT BANKS,
a.k.a. Day Money,
agent of Berto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 21, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Wayne Robert Banks, Jr., appeals his 480-month sentence for multiple offenses involving his pimping of adult and juvenile prostitutes, and witness-tampering. Banks argues that the district court erred when it applied a cross-reference in U.S.S.G. § 2G1.3, which addresses prostitution of a minor, to use a base offense level and specific offense characteristics of U.S.S.G. § 2A3.1, which addresses criminal sexual abuse, to determine his sentence under the 2004 United States Sentencing Guidelines ("Guidelines").[1]

We review a district court's interpretation of the Guidelines de novo, and its factual findings for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir.), cert. denied, 126 S.Ct. 812 (2005).

In the Guidelines, U.S.S.G. § 2G1.3 covers offenses of promoting prostitution in which a minor victim is involved. See U.S.S.G. § 2G1.1 cmt. background. A cross-reference within § 2G1.3 directs that "[if] the offense involved conduct described in 18 U.S.C. § 2241 or § 2242, apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse), if the resulting offense level is greater than that determined [by application of § 2G1.3]."

_____

[1] Banks also raised other issues referring to count groups which the district court did not use to determine the length of his imposed sentence. We do not need to decide Guidelines issues when they did not affect the imposed sentence. See United States v. Hersh, 297 F.3d 1233, 1250-54 (11th Cir. 2002). Banks's other arguments on appeal are rejected without need for discussion.

U.S.S.G. § 2G1.3(c). For purposes of U.S.S.G. § 2G1.3(c)(3), conduct described in 18 U.S.C. §§ 2241 includes aggravated sexual abuse, e.g. "engaging in, or causing another person to engage in, a sexual act with another person: (I) using force against the minor [or] (II) threatening or placing the minor in fear that any person will be subject to death, serious bodily injury, or kidnapping . . . ." U.S.S.G. § 2G1.3(c), cmt. n.5(B)(i). For purposes of this cross-reference, conduct described in 18 U.S.C. § 2242 includes sexual abuse, e.g. "engaging in, or causing another person to engage in, a sexual act with another person by threatening or placing the minor in fear (other than by threatening or placing the minor in fear that any person will be subject to death, serious bodily injury, or kidnapping . . .)." U.S.S.G. § 2G1.3(c) cmt. n.5(B)(iii).

We have allowed the use of U.S.S.G. § 2A3.1 to enhance sentences against pimps who ran an organized prostitution operation. United States v. Pipkins, 378 F.3d 1281, 1299-1301 (11th Cir. 2004), opinion reinstated by, 412 F.3d 1251 (11th Cir.), cert. denied, 126 S.Ct. 591 (2005). We have determined that the district court properly followed the cross-references in the Guidelines for offenses involving criminal sexual abuse when the court found that pimps caused underage girls to engage in sexual acts by placing them in fear. Id. We noted that, when the circumstances of the cross-reference exist, the cross-reference must be applied. Id.

at 1301.

Upon review of the appellate record, the change-of-plea hearing transcript, the pre-sentence investigation report ("PSI"), the sentencing hearing transcript, and upon consideration of the briefs of the parties, we find no reversible error.

We conclude that the district court properly applied this cross-reference because the record shows that Banks used force to cause a minor to engage in a sexual act with another person. Accordingly, we affirm.

**AFFIRMED.** [2]

---

[2] Banks's motion to supplement initial brief is denied. <u>See</u> <u>United States v. Hembree</u>, 381 F.3d 1109, 1110 (11th Cir. 2004) (citing <u>United States v. Levy</u>, 379 F.3d 1241 (11th Cir. 2003), for proposition that new issues cannot be raised in a supplemental brief if they were not raised in initial brief)