[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 08, 2006
THOMAS K. KAHN
CLERK

No. 05-16948
Non-Argument Calendar

_____

D. C. Docket No. 05-20538-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIOUN COLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 8, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Damioun Cole appeals his 364-day sentence, which was imposed after he

pled guilty to knowingly engaging in and attempting to engage in a sexual act with

a female inmate at the Federal Detention Center ("FDC") in Miami, Florida, in violation of 18 U.S.C. § 2243(b). On appeal, Cole argues that the district court violated United States v. Booker, 543 U.S. 220 (2005), by enhancing his offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and then applying the Guidelines in a mandatory fashion.[1] After careful review, we affirm.

Although Cole did not raise a Booker objection at the sentencing hearing, he did preserve an Apprendi objection relating to the enhancement for obstruction of justice when, at the sentencing hearing, he argued that the enhancement "would take [the sentence] above the statutory maximum." Cf. United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir.) (finding that similar Apprendi objection was sufficient to preserve Booker claims), cert. denied, 126 S. Ct. 462 (2005). Thus, we review Cole's preserved Booker claims de novo. See United States v. Cain, 433 F.3d 1345, 1347 (11th Cir. 2005); United States v. Candelario, 240 F.3d 1300, 1304 (11th Cir. 2001) (citations omitted).

Pursuant to Booker, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an

---

[1]Cole does not address the separate issues of whether a downward departure was warranted or whether the sentence was reasonable under Booker. Accordingly, he has waived those claims. Cf. United States v. Hembree, 381 F.3d 1109, 1110 (11th Cir. 2004) (prior to Booker, holding that claims not raised on appeal, including claims based on Blakely v. Washington, 542 U.S. 296 (2004), are deemed waived); United States v. Curtis, 380 F.3d 1308, 1310-11 (11th Cir. 2004) (same).

enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.) (emphasis in original), cert. denied, 125 S. Ct. 2935 (2005). We have held that there are two types of Booker errors: (1) constitutional error resulting from enhancements based on judicial fact-finding, and (2) non-constitutional statutory error resulting from mandatory application of the Guidelines. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Here, we can discern neither type of Booker error. Contrary to Cole's arguments, the district court explicitly stated that it was applying the Guidelines in an advisory, and not mandatory, manner. See R3 at 50 ("Understanding that the Guidelines are advisory and understanding what the statutory criteria are that I am required to consult and apply under 35 U.S.C. § 3553(a)(1) through (7) . . . ."); id. at 61 ("therefore the appropriate offense level for Mr. Cole under the advisory Guidelines is a level 14 with a range of 15 to 21 months. I am mindful of the statutory maximum, however, and I will not exceed that statutory maximum."). Moreover, the district court calculated the sentencing range consistent with United States v. Crawford, 407 F.3d 1174 (11th Cir. 2005), and then stated that it had considered all of the § 3553(a) factors and the 12-month statutory maximum before imposing its sentence. Accordingly, the district court satisfied its obligations under

3

Booker, and there was no Booker error, of either a constitutional or statutory variety.

We likewise are unpersuaded by Cole's separate argument that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the obstruction-of-justice enhancement impermissibly increased the penalty over the statutory maximum. In short, because Cole's sentence, which the district court imposed under an advisory sentencing scheme, did not exceed the statutory maximum prescribed in 18 U.S.C. § 2243(b), there was no Apprendi violation. See United States v. Clay, 376 F.3d 1296, 1301 (11th Cir. 2004) (noting that "the constitutional rule of Apprendi does not apply where the sentence imposed is not greater than the prescribed maximum for the offense of conviction."); cf. Rodriguez, 398 F.3d at 1297 (holding that, post-Booker, a district court may continue to determine any enhancement when applying the Guidelines as advisory).

**AFFIRMED.**

4