[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15102
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-cv-20976-ASG; 1:05-cr-20818-ASG-1

TAURUS GETER,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 13, 2013)

Before CARNES, Chief Judge, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Taurus Geter, a federal prisoner serving a 210-month sentence for his

conviction for conspiracy to possess with intent to distribute at least 5 grams of

heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, appeals the denial of his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255.  After review, we affirm.

## I.  BACKGROUND

Because this appeal involves a procedural default, we review the full history.

### A.    2006 Criminal Proceedings

In 2006, a jury convicted Geter of one count of conspiracy to possess with intent to distribute at least 5 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The Presentence Investigation Report ("PSI") classified Geter as a career offender under U.S.S.G. § 4B1.1(a) because Geter had at least two prior felony convictions for either a crime of violence or a controlled substance offense. Specifically, Geter had one prior conviction for possessing cocaine with intent to sell and two separate prior convictions for carrying a concealed firearm in violation of Florida law.  Geter's career-offender designation led to a total offense level of 32 and automatically placed him into a criminal history category of VI, resulting in a guidelines range of 210 to 240 months' imprisonment.[1]

---

[1]Without the career-offender designation, Geter's total offense level was 18 and his criminal history category was IV, yielding a guidelines range of 41 to 51 months' imprisonment. See United States Sentencing Commission, Guidelines Manual, Ch. 5, Part A (Sentencing Table) (Nov. 2006).

2

Geter objected to his classification as a career offender, arguing that his two convictions for carrying a concealed firearm did not qualify as crimes of violence under U.S.S.G. § 4B1.2, and that the facts underlying those convictions did not support a finding that those were crimes of violence.

At his January 5, 2007 sentencing hearing, Geter reiterated his objections to the career-offender enhancement.  Overruling Geter's objections, the district court reasoned that under this Court's then-binding precedent, specifically United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998), a Florida conviction for carrying a concealed weapon was considered a crime of violence.  When the sentencing hearing continued on January 26, 2007, the district court found that Geter qualified as a career offender and sentenced him to 210 months' imprisonment, the low end of his guidelines range.

In his direct appeal, Geter did not challenge the district court's finding that he qualified as a career offender.  See United States v. Geter, 274 F. App'x 805, 811 (11th Cir. 2008) ("Geter does not challenge the district court's finding that he qualified as a career offender or otherwise challenge the procedural reasonableness of his sentence on appeal.").  On April 21, 2008, this Court affirmed Geter's conviction and sentence.  Id.

**B.    2009 § 2255 Proceedings**

On April 14, 2009, Geter filed a counseled § 2255 motion to vacate his sentence, raising two claims.  First, Geter's § 2255 motion argued that he was erroneously sentenced in 2007 as a career offender under U.S.S.G. § 4B1.1(a) because, in light of the subsequent 2008 decisions in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008), and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), his two prior Florida convictions for carrying concealed weapons no longer qualified as crimes of violence.

On April 16, 2008, about a year before Geter's § 2255 motion was filed, the Supreme Court in Begay held that driving under the influence ("DUI") is not a "violent felony" within the meaning of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(1), because the offense does not involve "purposeful, violent, and aggressive conduct."  553 U.S. at 145, 128 S. Ct. at 1586–87.  Shortly thereafter, on June 26, 2008, this Court decided United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), holding that "in light of the Supreme Court's decision in Begay [involving the ACCA], the crime of carrying a concealed firearm may no longer be considered a crime of violence under the Sentencing Guidelines."  Id. at 1352.  This Court in Archer also recognized that "Begay . . . has undermined Gilbert to the point of abrogation . . . and we are thus bound to follow this new rule of law."  Id.

4

Second, Geter's § 2255 motion contended that his appellate counsel provided ineffective assistance by failing to challenge his career-offender enhancement on direct appeal. In this regard, we note the timing of events surrounding Geter's direct appeal. On February 2, 2007, Geter filed his notice of appeal in the district court. On July 16, 2007, Geter's appellate counsel filed his opening brief in this Court. On September 4, 2007, the government filed its response brief, and the briefing concluded when Geter filed his reply brief on September 28, 2007. Thus, the briefing was completed in Geter's direct appeal for over six months before Begay was decided on Wednesday, April 16, 2008.

The following Monday, April 21, 2008, this Court affirmed Geter's conviction and sentence. See Geter, 274 F. App'x at 805. On May 8, 2008, Geter filed a petition for panel rehearing. In this petition, Geter renewed a challenge that he had raised in his briefs on appeal to the admission of certain testimony at his trial; the petition did not discuss either Begay or Geter's career-offender enhancement.

While Geter's petition for rehearing was pending, and more than two months after our opinion in Geter's direct appeal was issued, this Court decided Archer on June 26, 2008. See 531 F.3d at 1347. Shortly thereafter, on July 1, 2008, Geter moved to supplement his petition for rehearing in light of Archer. In this motion to

supplement, Geter acknowledged that in his briefs to this Court on appeal, he

> did not specifically raise the district court's ruling that calculated his advisory career offender guideline range on the basis of his two State convictions for carrying a concealed weapon because [Gilbert] . . . foreclosed that issue.  Counsel simply did not anticipate this Court's decision in Archer, which effectively overturned [Gilbert], because in Begay the Supreme Court . . . did not address the concealed weapon issue.

Because of this change in controlling law, Geter requested that (1) this Court permit him to supplement his petition for rehearing to include arguments related to his career-offender enhancement and the effect of Archer; (2) grant his petition for rehearing; and (3) vacate his sentence and remand his appeal to the district court for resentencing.

The government opposed Geter's motion to supplement, arguing that Geter had waived any challenge to his career-offender sentencing enhancement by not raising the challenge in his briefs on appeal.  In support of its argument, the government cited the "well-established" rule that a party to an appeal abandons an issue by not raising it in his initial brief.  The government also noted that this rule operated "notwithstanding the intervention of favorable [legal] authority," and that a petition for rehearing could not be used to raise a "new point of appeal."

On September 3, 2008, this Court denied Geter's petition for rehearing and his motion to supplement that petition.  The Court held that "Geter's failure to brief the 'crime of violence' argument in his opening brief constituted a waiver of that

6

argument. For that reason, notwithstanding our recent decision in Archer, Geter's Petition for Rehearing is DENIED." (citations omitted). The mandate issued in Geter's direct appeal one week later, on September 10, 2008.

## C.    Magistrate Judge's Report on § 2255 Motion

After the government's § 2255 response, the magistrate judge issued a report recommending that the district court deny Geter's § 2255 motion. The magistrate judge first determined that Geter procedurally defaulted his career-offender claim because he failed to raise that claim in his direct appeal. The magistrate judge further determined that Geter's procedural default was not excused under the miscarriage-of-justice exception because an erroneous career-offender designation did not constitute actual innocence.

As to Geter's ineffective-assistance claim, the magistrate judge concluded that, in the direct appeal, Geter's appellate attorney did not perform deficiently in failing to anticipate Begay and Archer's change to controlling law. Furthermore, Geter could not show that he suffered prejudice as a result of his appellate counsel's failure to seek leave to file a supplemental brief in light of Begay, a decision the Supreme Court issued six months after the briefs were filed in Geter's

7

direct appeal and only "two business days" before this Court ruled on Geter's direct appeal.[2]

The magistrate judge also reasoned that, even if Geter's appellate counsel had filed a supplemental brief, that action would have been futile because this Court does not permit parties to raise new issues in supplemental briefing.  In support of this reasoning, the magistrate judge cited our decisions in United States v. Padilla-Reyes, 247 F.3d 1158, 1164 (11th Cir. 2001), and United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000), in which this Court affirmed its longstanding rule that parties are barred from raising a new issue in a supplemental brief, even if the issue arises based on an intervening decision or other new legal development.

## D.    District Court's Order

Geter objected to the magistrate judge's report.  The district court overruled Geter's objections, adopted the report, and denied Geter's § 2255 motion to vacate. In its order, the district court added that Geter (1) procedurally defaulted his career-offender challenge by failing to raise it on direct appeal; (2) and failed to show either cause—i.e., ineffective assistance of appellate counsel—and prejudice or a miscarriage of justice sufficient to overcome the procedural default.

---

[2]Begay involved a DUI crime under the ACCA, while Geter's issue related to concealed weapon convictions under the career-offender classification in the Sentencing Guidelines.

In considering Geter's ineffective-assistance claim, the district court determined that Geter's appellate counsel was not constitutionally ineffective for failing to anticipate a change in the law and raise on direct appeal a challenge to Geter's career-offender designation. The district court noted that, even though Begay (a DUI case under the ACCA) was pending at the time of Geter's direct appeal, appellate counsel's failure to anticipate the outcome of Begay did not fall below the reasonable standards of professional competence. Moreover, appellate counsel was not ineffective for failing to file a supplemental appellate brief raising a claim under Begay regarding Geter's career-offender classification under the Guidelines because under its precedent this Court would have considered the argument to have been untimely made.

Finally, the district court issued a certificate of appealability ("COA") on "whether Petitioner is excused from procedural default where, as occurred in Petitioner's appeal, the appellate court decision affirming his conviction and sentence was rendered after the Supreme Court decision offering relief on an (albeit non-briefed) issue." Geter timely appealed.[3]

## II.  DISCUSSION

---

[3]In reviewing a district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo. Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009). The issue of whether a § 2255 movant's claims are subject to procedural default is a mixed question of law and fact, which we review de novo. Fordham v. United States, 706 F.3d 1345, 1347 (11th Cir. 2013).

In this § 2255 appeal, Geter's sole argument is that his procedural default should be excused due to his appellate counsel's ineffective assistance. Specifically, Geter asserts that on direct appeal his appellate counsel was ineffective for failing to argue that he was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1(a) because (1) trial counsel raised this guidelines argument before the district court, and (2) at the time his direct appeal was decided, Geter's two predicate state convictions for carrying a concealed weapon no longer qualified as "crimes of violence" under § 4B1.2(a) of the Guidelines.

## A.    Standards Governing Procedural Default & Ineffective Assistance of Counsel

To avoid procedurally defaulting a claim, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal quotation marks omitted), cert. denied, 133 S. Ct. 112 (2012).  A procedural default may be excused, however, if the defendant can demonstrate that one of two exceptions applies: (1) cause and prejudice, or (2) actual innocence. Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998).

Here, Geter does not dispute that he procedurally defaulted his career-offender claim because he failed to raise it on direct appeal.  Thus, Geter must show that one of the two exceptions to the procedural default rule applies.

10

See Bousley, 523 U.S. at 622, 118 S. Ct. at 1611.  Geter concedes that the actual-innocence exception to procedural default does not apply, and we need not consider this exception.  See McKay, 657 F.3d at 1196 ("Because [petitioner] does not argue on appeal that the cause and prejudice exception applies . . . we do not address this exception.").  Therefore, we turn to whether Geter has shown cause and prejudice necessary to excuse his procedural default.

"Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by showing cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error."  McKay, 657 F.3d at 1196 (internal quotation marks and alterations omitted).  To demonstrate cause, a § 2255 movant "must show that some objective factor external to the defense prevented [the movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct."  Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004).  Ineffective assistance of counsel may serve as the cause required to excuse a movant's procedural default.  United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).  "In order to do so, however, the claim of ineffective assistance must have merit."  Id.

To prevail on a claim of ineffective counsel, a movant must demonstrate that (1) counsel's performance was deficient, falling below an objective standard of

11

reasonableness, and (2) the movant suffered prejudice as a result of the deficient performance.  Strickland v. Washington, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064 (1984).  The standard governing counsel's performance is "reasonableness under prevailing professional norms."  Id. at 688, 104 S. Ct. at 2065.  In light of the strong presumption in favor of competence, a movant seeking to prove a Sixth Amendment violation must establish that "no competent counsel would have taken the action that his counsel did take."  Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel.  See, e.g., Black v. United States, 373 F.3d 1140, 1146 (11th Cir. 2004) (" [A]ppellate counsel's performance was not deficient for failing to predict what was not yet a certain holding.");  Jones v. United States, 224 F.3d 1251, 1257–58 (11th Cir. 2000) ("Since the district court would be required to follow the law of this circuit until it was overruled, . . . it was not completely unreasonable for counsel to make a strategic decision to forego a claim that was a loser under the then-current state of the law. . . . [W]e are not prepared to say categorically that counsel's failure to [preserve a losing argument] constituted prejudicial, ineffective nonfeasance while the law was still unsettled.");  Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot

12

and does not include a requirement to make arguments based on predictions of how the law may develop." (internal quotation marks and alterations omitted)).

The rule applies even if the claim, based upon anticipated changes in the law, was reasonably available at the time counsel failed to raise it. See Dell v. United States, 710 F.3d 1267, 1282 (11th Cir. 2013) ("[I]t generally does not fall below the objective standard of reasonableness for . . . counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming Supreme Court decision."); Pitts v. Cook, 923 F.2d 1568, 1572–74 (11th Cir. 1991) (holding that even though a claim based on Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986), was reasonably available to counsel at the time of trial, failure to anticipate the Batson decision and raise that claim was not ineffective assistance of counsel).

## B.    Counsel's Failure to Raise Career-Offender Claim on Direct Appeal

The district court properly denied Geter's § 2255 motion because Geter did not establish that his appellate counsel was ineffective, such as to excuse his procedural default of his career-offender claim. At the time of Geter's sentencing, and when counsel filed and briefed Geter's direct appeal, a conviction for carrying a concealed firearm was a crime of violence for career-offender sentencing purposes; any argument to the contrary was squarely foreclosed under this Court's precedent. See Gilbert, 138 F.3d at 1372 (holding expressly that carrying a

13

concealed weapon in violation of Florida law is a crime of violence under § 4B1.2(a)).  Appellate counsel's failure to raise a non-meritorious claim in Geter's direct appeal, despite the fact that trial counsel had raised the claim at sentencing, does not constitute deficient performance under Strickland.

On July 16, 2007, when Geter filed his opening brief on direct appeal, the Supreme Court had not even granted a writ of certiorari in Begay.  See Begay v. United States, 128 S. Ct. 32 (Sept. 25, 2007) (granting writ of certiorari and motion for leave to proceed in forma pauperis).  Additionally, Begay was briefed, argued, and decided by the Supreme Court after Geter's initial and reply briefs were filed in Geter's direct appeal.  In light of this timing, and the uncertainty about the outcome of Begay, Geter's appellate counsel's failure to anticipate a change in the law and raise a Begay- or Archer-type claim was not unreasonable "under prevailing professional norms."  Strickland, 466 U.S. at 688, 104 S. Ct. at 2065.  "We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop."  Spaziano, 36 F.3d at 1039 (internal quotation marks and alteration omitted); see also Pitts, 923 F.2d at 1573–74 ("[B]ecause law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance." (internal quotation marks omitted)).

14

**C.    Counsel's Failure to Move to File a Supplemental Brief on Appeal**

In this § 2255 appeal, Geter does not appear to have renewed his claim that his appellate counsel was ineffective because he failed to move to file—in the two-day window between when Begay was decided and when this Court issued its decision affirming Geter's conviction and sentence—a supplemental brief to address Begay or its effect on Geter's status as a career offender.  Even if Geter has not abandoned his supplemental-brief argument, it is without merit.  Because Geter did not challenge his career-offender designation in his opening appellate brief, counsel's attempt to raise an argument related to that designation for the first time in a supplemental brief would have been futile.  See United States v. Levy, 379 F.3d 1241, 1242–43 (11th Cir. 2004) ("[E]ven before a decision on the merits of a direct appeal is issued, this Court repeatedly has denied motions to file supplemental briefs that seek to raise new issues not covered in an appellant's initial brief on appeal."); see also United States v. Njau, 386 F.3d 1039, 1041–42 (11th Cir. 2004) (refusing to consider a claim under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), first raised in a letter submitted pursuant to Fed. R. App. P. 28(j)); United States v. Hembree, 381 F.3d 1109, 1110 (11th Cir. 2004) (denying a motion to file a substitute or amended principal brief raising a Blakely claim); United States v. Curtis, 380 F.3d 1308, 1310–11 (11th Cir. 2004) (denying a motion to file a supplemental brief raising a Blakely claim), modified on other

15

grounds, 400 F.3d 1334 (11th Cir. 2005); United States v. Padilla-Reyes, 247 F.3d 1158, 1164 (11th Cir. 2001) ("[B]ecause Padilla did not raise this issue in his initial brief to this court, we apply the rule that parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on intervening decisions or new developments cited in supplemental authority."); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (refusing to consider, on remand from the Supreme Court, an issue arising under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), not raised in the initial or reply brief during the original appeal).

In light of this futility, under Strickland Geter cannot show that his appellate counsel performed deficiently by failing to raise a career-offender claim based on the decision in Begay for the first time on appeal through a supplemental brief.

Indeed, as outlined earlier, Geter's appellate counsel on direct appeal did file a petition for rehearing and motion to supplement that petition, wherein appellate counsel recognized that Begay and Archer effected a change to the controlling law of this Circuit by abrogating Gilbert. Appellate counsel then attempted to raise Geter's career-offender sentencing enhancement issue in a motion to supplement the petition for rehearing, admitting that he "simply did not anticipate" the change in controlling law. This Court denied the petition for rehearing and motion to supplement on the very basis identified above: appellate counsel's "failure to brief

16

the [career-offender sentencing enhancement] argument in his opening brief constituted a waiver of that argument . . . . notwithstanding our recent decision in Archer.”

## D.    Government's Argument on Appeal

The government argues that the underlying claim in Geter's § 2255 motion—a challenge to his career offender designation—is not cognizable and cannot be brought in a § 2255 proceeding anyway because the claim does not turn on whether Geter's “sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.”  See 28 U.S.C. § 2255(a).  However, because we decide Geter's appeal on procedural default grounds, “we leave for another day the question of whether this type of claim is cognizable under § 2255 in the first instance.”  McKay, 657 F.3d at 1195.

## III.  CONCLUSION

Because Geter has failed to demonstrate that his appellate counsel rendered ineffective assistance, he has not satisfied the “cause” component of the cause-and-prejudice exception to the procedural default rule.  See Strickland, 466 U.S. at 687–88, 104 S. Ct. at 2064–65; Nyhuis, 211 F.3d at 1344.  Thus, the district court did not err in denying Geter's § 2255 motion because the only claim that Geter

sought to raise in that motion—a challenge to his career-offender designation—was procedurally defaulted, and no exceptions to the procedural default rule apply here.  We therefore affirm the denial of Geter's § 2255 motion to vacate.

**AFFIRMED.**