[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17 2000
THOMAS K. KAHN
CLERK

No. 98-2716

D. C. Docket No. 97-00422-CV-ORL-19

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS NYHUIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(May 17, 2000)**

Before DUBINA and BLACK, Circuit Judges, and HILL, Senior Circuit Judge.

HILL, Senior Circuit Judge:

Douglas Nyhuis was tried and convicted in the Middle District of Florida on one count of conspiracy to possess, with intent to distribute, in excess of five kilograms of cocaine during the period from March, 1985, through October, 1989. On direct appeal, his conviction was affirmed by ths court. He filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct an illegal sentence. After the district court denied this motion, he filed this appeal.

I.

Douglas Nyhuis was initially indicted in 1989, in the United States District Court for the Western District of Michigan, on one count of conspiracy to possess with intent to distribute marijuana and one count of engaging in a continuing criminal enterprise. The criminal activity was alleged to have occurred between January, 1984, and October, 1987. The Michigan court accepted Nyhuis' guilty plea on the criminal enterprise count and dismissed the conspiracy count. He was sentenced to a fourteen year, no parole term of imprisonment.

On December 12, 1990, a superseding indictment was returned against Nyhuis in the United States District Court for the Middle District of Florida for one count of conspiracy to possess, with intent to distribute, in excess of five kilograms of cocaine during the period from March, 1985, through October, 1989. Nyhuis moved to

2

dismiss the Florida indictment on double jeopardy and immunity grounds. The district court denied the motions and, after a jury trial, he was convicted on the conspiracy charge. The Florida sentence was ordered to run concurrently with the Michigan sentence. We affirmed this conviction on direct appeal. *United States v. Nyhuis*, 8 F.3d 731 (11th Cir. 1993).

Nyhuis filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He alleged eight grounds for relief, but the district court held that he was not entitled to relief on any of them, denied the motion and dismissed the case with prejudice.

Pursuant to 28 U.S.C. § 2253, Nyhuis filed an application for a certificate of appealability in the district court which the court denied. He then applied to this court for the certificate, which was granted as to two issues only. Subsequently, a third issue was certified.[1]

Nyhuis' first issue on appeal is whether the government's prosecution of him in the Middle District of Florida constituted a breach of his Michigan plea agreement which violated due process of law. The second issue is whether the government conducted itself in this case in a manner which violated due process of law. The final

---

[1]After this court certified only two issues for appeal, Nyhuis filed a Motion to Review Action of a Single Judge which was granted by the certification of the additional issue.

issue is whether his trial and appellate counsel was ineffective at sentencing. We consider each of these issues *de novo*. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

## II.

A.    <u>The Breach of the Michigan Plea Agreement</u>

Nyhuis claims that the government orally promised him that he would not be prosecuted for incidents underlying his Michigan conviction and that the Florida prosecution constituted a breach of that agreement. He raised this claim for the first time on motion to dismiss the Florida indictment on double jeopardy and immunity grounds. The district court considered and denied this motion. Nyhuis re-asserted the claim on direct appeal. After careful consideration, we concluded that there was no merit to Nyhuis' claim that the government violated its plea agreement with him. *Nyhuis*, 8 F.3d at 742. We said then:

> The Government "agree[d] not to bring additional criminal charges against the defendant in the Western District of Michigan arising out of his involvement in the distribution of marijuana." It has not done so. The Government further agreed not to bring additional charges against Nyhuis arising out of "those transactions disclosed by the defendant in the proffer *already* made to the government." (Emphasis added.) It has not done so. . . . To permit Nyhuis retroactively to sweep his cocaine involvement within the ambit of the plea agreement would be an endorsement of the strategy of telling a little and hiding a lot.

*Id.*

4

Upon review of the present motion, the district court concluded that, despite Nyhuis' protestations to the contrary, his Section 2255 due process claim is based upon the same alleged plea agreement violation resolved against him by this court on direct appeal of his conviction. We agree with the district court. We can discern no fact or other evidence underlying the present due process claim which was not raised by Nyhuis and considered by us in his prior immunity claim.[2] The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977).[3] Nyhuis has merely re-characterized his prior immunity claim as a due process claim. A rejected claim does not merit rehearing on a different, but previously available, legal theory. *Cook v. Lockhart*, 876 F.2d 220, 222 (8th Cir.

---

[2]The district court noted that Nyhuis does not point to one fact that was not and could not have been discovered prior to his appeal and that his present allegations are based almost entirely upon evidence developed at the 1991 evidentiary hearings on his motion to dismiss for violation of the immunity agreement.

[3]Furthermore, even if this issue had not already been resolved against Nyhuis, we would agree with the district court that it is procedurally barred. "In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding." *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

1989). Accordingly, we hold that the district court did not err in denying the motion to set aside the verdict as a violation of due process.

## III.

Nyhuis' allegations regarding the government's conduct with regard to the plea agreement also state a due process claim for prosecutorial misconduct. The district court held that this claim was predicated upon the same alleged immunity violation that was resolved against him on appeal. Alternatively, the court held that this claim was procedurally barred.

On appeal, the government concedes that Nyhuis' claim of prosecutorial misconduct may not have been litigated previously, contrary to the district court's finding. The government states that the due process claim based on outrageous government misconduct is substantively different from the claim previously resolved by this court because it contains additional assertions of bad faith bargaining and fabrication of evidence by the government.

Nevertheless, the government maintains that the district court correctly denied collateral relief on the alternative ground that this claim is procedurally barred. Nyhuis concedes that this claim has not been previously litigated. Therefore, he is barred from asserting it on motion for collateral relief unless he can show cause excusing his failure to raise the issue previously and actual prejudice resulting from

the alleged error. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990).[4]

Nyhuis suggests that ineffective assistance of counsel is the cause for his failure to raise this issue in the trial court or on direct appeal, and that prejudice is demonstrated by his Florida prosecution and conviction.

Ineffective assistance of counsel may satisfy the cause exception to a procedural bar. *Greene v. United States*, 880 F.2d 1299, 1305(11th Cir. 1989). In order to do so, however, the claim of ineffective assistance must have merit. *Id.* To determine whether it does, we must decide whether the arguments the defendant alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988). Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984).

The outrageous conduct which forms the basis for Nyhuis' present prosecutorial misconduct claim include "deceptive investigatory practices, bad faith plea

---

[4]Contrary to Nyhuis' belief, the issuance of a certificate of appealability does not guarantee consideration of his underlying constitutional claims. *Slack v. McDaniel*,    S. Ct.   , (April 26, 2000) No. 98-6322. Although it is true that the certificate should not issue unless the court determines that the petition states a valid claim of the denial of a constitutional right, it is also true that the court "will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of." *Id.* citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936). This principle "allows and encourages the court to first resolve procedural issues." *Slack*, slip. op. at 8.

bargaining, contradictory representations to the relevant tribunals, and the proffer of false and misleading testimony at pretrial evidentiary hearings in Florida" through which "the government was able to prevent their prosecution from being barred on an immunity claim." If proven, such claims might rise to the level of a due process violation. *United States v. Savage*, 701 F.2d 867, 868 (11th Cir. 1983) Law enforcement techniques which are "shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment violate the Constitution." *United States v. Mulherin*, 710 F.2d 731, 735 (11th Cir. 1983).

We find no merit in Nyhuis present claim that the government bargained in bad faith with him. Nyhuis offers no new evidence to support this claim. On direct appeal, we held that there is no evidence that the government tricked him into believing that he had been granted global immunity. We also found no evidence that the language of the written plea agreement did not accurately reflect the agreement of the parties. 8 F.3d at 742.

Nor do we find any merit to his present assertion that government agents lied concerning the source of their information concerning his cocaine activities (stating that it came from an independent source rather than from Nyhuis' own belated admissions). Nyhuis offers no evidentiary support for this allegation at all. He merely recounts portions of the agents' testimony at the prior evidentiary hearing, calls

attention to certain exhibits and concludes that the agents *must* have been lying. Inasmuch as the agents' testimony was credited by the district judge, and no new evidence is offered in support of Nyhuis' assertion that the agents were lying, we find no merit to this claim.

Finally, Nyhuis claims that the Michigan and Florida authorities engaged in a conspiracy to trick him into believing that he would not be prosecuted in Florida while Michigan authorities obtained the full benefit of their bargain with him by obtaining his belated, truthful cooperation. Nyhuis again supports his conspiracy theory by recounting portions of the testimony and citing exhibits and drawing the conclusion that such a conspiracy *must have* existed.

These unsupported assertions do not entitle Nyhuis to habeas relief. The defense [of outrageous conduct] can be invoked only in the "rarest and most outrageous circumstances," *United States v. Haimowitz*, 725 F.2d 1561, 1577 (11th Cir. 1984), and must be supported by more than mere speculation and theory. The arguments which Nyhuis asserts his prior counsel should have raised on appeal in support of an outrageous conduct claim are without substantial merit. We conclude, therefore, that his present claim that he received ineffective assistance of counsel which excuses his failure to raise these arguments on appeal is similarly without merit. Accordingly, Nyhuis' is procedurally barred from raising this claim in his Section

2255 petition and the district court did not err in denying him collateral relief on this issue.[5]

IV.

The final issue certified for appeal is whether Nyhuis' counsel was ineffective by not raising a challenge to the application of Sentencing Guideline § 5G1.3 at sentencing or on appeal. Nyhuis asserts that a proper application of this guideline would have resulted in a credit of eighteen months on his Florida sentence because he had been in custody for eighteen months on the Michigan charge at the time the Florida court imposed its concurrent sentence. He argues that because the Michigan court sentenced him to fourteen years' imprisonment based in part upon his cocaine activities in Florida, he was entitled to credit for time-served in Michigan when he was subsequently indicted and sentenced in Florida for the same cocaine activities.

This argument is without merit. Sentencing Guideline § 5G1.3 does not authorize a district court to grant credit for time served prior to the imposition of sentence. The granting of credit for time served "is in the first instance an administrative, not a judicial, function." *United States v. Flanagan,* 868 F.2d 1544, 1546 (11th Cir. 1989). A claim for credit for time served is brought under 28 U.S.C.

---

[5]The procedural bar to our review of this claim does not result in a fundamental miscarriage of justice in this case because Nyhuis does not allege that he is innocent. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

§2241 after the exhaustion of administrative remedies. *Id.* The guideline commentary does permit the district court the discretion to achieve a "total" sentence by imposing combinations of concurrent and consecutive sentences. USSG §5G1.3, comment. (Nov. 1990). The Florida court did this by imposing a sentence and ordering that it run concurrently with the Michigan sentence.

Nyhuis' claim of ineffective assistance of counsel, therefore, fails because he has not shown that his counsel's performance was deficient or that the outcome of the proceedings would have been different but for counsel's allegedly deficient performance. *Strickland*, 466 U.S. at 687.

IV.

We conclude that Nyhuis' present claims do not entitle him to relief under Section 2255. Accordingly, the judgment of the district court denying relief and dismissing the case with prejudice is AFFIRMED.

11