[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16050
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 1, 2005
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 00-01492-CV-3-TMH/VPM
96-00051-CR-H-E

MARLAN EVERETT ENGLE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Alabama
_____

(September 1, 2005)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Marlan Everett Engle appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. Engle asserts his trial and appellate counsel were ineffective for failing to object to the sufficiency of count two of his indictment charging him with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), because the indictment failed to charge him with an offense. We affirm the district court.

"When reviewing the district court's denial of a § 2255 motion, we review questions of law de novo, and findings of fact for clear error." *Varela v. United States*, 400 F.3d 864, 867 n.3 (11th Cir. 2005). The U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. This right to counsel equates to the right to effective assistance of counsel. *Strickland v. Washington*, 104 S. Ct. 2052, 2063 (1984). To prevail on an ineffective assistance of counsel claim, a prisoner must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 2064.

Engle appealed his convictions and sentences on direct appeal to this Court. He specifically challenged whether "the trial court erred in failing to dismiss the money laundering count of the indictment (Count II) as duplicitous and defective, because the count alleged multiple financial transactions rather than the requisite

single financial transaction contemplated by the applicable statute . . . ." We affirmed Engle's convictions and sentences without discussion pursuant to 11th Cir. R.36-1. *United States v. Pruitt*, 174 F.3d 1215, 1221 (11th Cir. 1999).

We previously rejected Engle's claim that his indictment failed to charge him with a crime. Thus, his trial and appellate counsel were not ineffective for failing to raise the issue. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (counsel is not ineffective for failing to raise non-meritorious issues).

AFFIRMED.