[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2011
JOHN LEY
CLERK

No. 09-14033
Non-Argument Calendar

_____

D. C. Docket Nos. 05-23089-CV-FAM,
99-00714 CR-FAM

JOSE DENIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2011)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Denis appeals the denial of his motion to vacate his convictions for

conspiring to possess and attempting to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, and committing a murder during a drug trafficking offense, 18 U.S.C. § 924(j).  28 U.S.C. § 2255.  The district court granted a certificate of appealability to address whether Denis was entitled to "an evidentiary hearing on the claim of ineffective assistance of counsel as it relates to the testing of the original tape recording" of a conversation in which Denis admitted that he shot a man while attempting to steal drugs from his hotel room.  Denis requests a second time that this Court expand the scope of the certificate of appealability, but we will not further reconsider this matter, see 11th Cir. R. 27-3, or review Denis's arguments about issues other than the tape recording, see Jordan v. Sec'y, Dep't. of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007).  We affirm.

A movant must "[s]urmount[] . . . [a] high bar" to prevail on an argument that trial counsel acted ineffectively.  Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010).  The movant must prove both that counsel acted deficiently and that those errors "were significant enough to have affected the outcome" of the trial.  United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).  Counsel is presumed to have provided representation "within the 'wide range' of reasonable professional assistance" and, for the movant to succeed on an argument of deficient performance, he must establish that "'counsel made errors so serious that [he] was

2

not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 689, 104 S. Ct. 2052, 2064, 2065 (1984)).  If counsel has acted deficiently, the movant must also prove that counsel's errors were "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"  Id. at 787–88 (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064).

Denis argues that trial counsel should have tested the original tape recording to determine if the recording had been altered, but trial counsel made a reasonable strategic decision not to obtain and test the original audiotape.  See Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.  Counsel had a copy of the tape recorded conversation tested twice and identified specific "areas of concern" in the recording, but neither of the tests revealed that the recording had been altered. Counsel hired an investigator to assist with Denis's case, and the investigator told counsel that it would not be worthwhile to test the original audiotape.  Denis argues that counsel should have tested the original recording after learning that the informant who had made the recording had edited or spliced another recording, but counsel cannot be faulted for failing to "pursue an investigation" that reasonably appeared to "be fruitless" based on the information counsel had obtained from two

3

analysts and Denis. Harrington, 131 S. Ct. at 789; Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. The district court did not err by concluding that Denis failed to prove that his counsel performed deficiently.

Denis also failed to prove by "a reasonable probability" that the result of his trial would have been different had counsel tested the original audiotape. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Four other conspirators in the attempted robbery testified that Denis had murdered the victim of the attempted robbery. Two of the other conspirators were eyewitnesses to the murder and testified that Denis had shot the man at close range, and a forensic scientist testified that the victim had been shot with a gun that had been held approximately one foot from his head. Denis has never denied making the incriminating statements on the tape. The district court did not err by concluding that Denis failed to prove that he was prejudiced by counsel's performance.

Denis complains that he was denied an evidentiary hearing, but this argument is baseless. The record reflects that on March 5 and 6, 2008, a magistrate judge held an evidentiary hearing on Denis's motion, during which Denis and five other witnesses testified. Denis does not argue that the magistrate judge failed to consider any evidence or explain why the district court should have been required to hold another evidentiary hearing. "An evidentiary hearing is not required when

4

'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting 28 U.S.C. § 2255).  The district court could determine from the pleadings and the transcript of the hearing that Denis was not entitled to postconviction relief.  The district court did not abuse its discretion by denying Denis another evidentiary hearing.

The denial of Denis's motion to vacate his convictions is **AFFIRMED**.