[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15620
Non-Argument Calendar
_____

D.C. Docket Nos. 1:07-cv-22659-KMM,
0:99-cr-06153-KMM-7

FABIO OCHOA,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 24, 2014)


Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Fabio Ochoa appeals the district court's denial of his 28 U.S.C. §2255 motion to vacate, set aside, or correct his judgment and his 365-month total sentence following jury convictions for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846, and conspiracy to import 5 kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§952 and 963.  On appeal, Ochoa contends that the district court erred when it did not reach the merits of Ochoa's ineffective assistance of counsel/conflict of interest §2255 claim because the merits resolution of a related issue, which was decided on direct appeal, did not resolve the "totality" of Ochoa's §2255 claim.

"In a Section 2255 proceeding, we review legal issues de novo and factual findings under a clear error standard."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation omitted).  "We review de novo the district court's application of the law of the case doctrine."  Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285 (11th Cir. 2004).  An appellant granted a certificate of appealability ("COA") on one issue cannot simply brief other issues as he desires in an attempt to force both us and his opponent to address them.  Hodges v. Att'y Gen. State of Fla., 506 F.3d 1337, 1340-42 (11th Cir. 2007).  COA orders specifying the issues that will be considered at the merits stage of an appeal are

2

generally treated as controlling absent rare circumstances, such as where it is unclear which issues will be addressed on the merits or the parties have briefed the issue at our direction. See Hodges, 506 F.3d at 1340-41 (refusing to apply 11th Cir. R. 27-1(g) to COA order because it would effectively repeal 28 U.S.C. §2253(c)(3)'s requirement that a COA specify the issues that will be considered at the merits stage of the appeal). We have explained, "It is one thing for an appellate court in an unusual case to be persuaded during its consideration of the merits of a granted issue to expand the COA to include a related issue and to request supplemental briefing on that previously excluded issue. It is another thing for an appellant to simply ignore the COA order and brief any issue he pleases. We recognize the former practice and condemn the latter." Hodges, 506 F.3d at 1341-42.

As a preliminary matter, since both a single judge and a two-member panel from our Court rejected a COA on the issues on which Ochoa requests, again on appeal, an expansion of his granted COA, we strike all of Ochoa's arguments not covered under the COA. See Hodges, 506 F.3d at 1340-42. Thus, the only issue in this appeal is set forth in the COA issued by this Court on October 18, 2012, to-wit:

> Whether the district court erred by failing to reach the merits of Ochoa's claim in his 28 U.S.C. §2255 motion to vacate, that his initially retained counsel, Joaquin Perez, was constitutionally

3

ineffective due to a conflict of interest, based on its finding that the claim was barred from review by this Court's decision on direct appeal.

We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record. United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010). The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. §2255 motion even if the record contains some indication of deficiencies in counsel's performance. Id. at 1328-29 (citing Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694 (2003)). We will, however, consider those claims on direct appeal if the record is sufficiently developed. Id. at 1328.

The Supreme Court has established that a previous federal determination of a claim on collateral review is controlling in a subsequent round of review if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077 (1963). Sound judicial practice provides that a court generally adheres to a decision in a prior appeal in the case unless one of three "exceptional circumstances" exists: the evidence on a subsequent trial was substantially

4

different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice. Outside the Box Innovations, LLC v. Travel Caddy, Inc., 695 F.3d 1285, 1301-02 (11th Cir. 2012).

The Supreme Court has recognized that the Sanders bar to relitigation on collateral review extends to claims that were determined on direct review. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303 (1974). We have similarly held that, at least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a §2255 proceeding. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012), cert. denied, 133 S.Ct. 1740 (2013). "While law of the case preclusion is limited to those issues previously decided, the doctrine does operate to encompass issues decided by necessary implication as well as those decided explicitly." Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991).

"A rejected claim does not merit rehearing on a different, but previously available, legal theory." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). The Supreme Court has explained that a "ground" for collateral relief is "a sufficient legal basis for granting the relief," and identical grounds may often be proved by different factual allegations. Sanders, 373 U.S. at 16, 83 S.Ct. at 1077.

5

The Supreme Court cautioned, "Should doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant." Id.

We conclude that the district court erred in holding that Ochoa's ineffective assistance of counsel claim based upon Perez' alleged conflict of interest was previously denied on the merits in United States v. Ochoa-Vasquez, 428 F.3d 1015 (11th Cir. 2005) (Ochoa I). In United States v. Ochoa-Vasquez, 179 Fed.Appx. 572, 2006 WL 68792 (11th Cir. 2006) (Ochoa II), in considering Ochoa's motion for new trial based on newly discovered evidence, we construed his claim that his former counsel violated his Sixth Amendment rights by operating under conflict of interest as essentially setting forth an ineffective assistance of counsel claim. We held: "We conclude the record below is not sufficiently developed to evaluate Ochoa's ineffective assistance of counsel claim at this time. Thus, the claim would be more appropriately addressed in a §2255 motion." We agree. At most, Ochoa I denied only that part of Ochoa's ineffective assistance of counsel claim that involved Perez' representation of Bergonzoli with respect to a specific matter (i.e., Perez' opposition to Ochoa's attempt to unseal documents in Bergonzoli's case). Ochoa I denied that claim only on the basis of the record then before it.

We conclude that a more thorough and refined analysis of Ochoa's more comprehensive ineffective assistance of counsel claim in this §2255 proceeding is

6

necessary, and that the district court is best situated to conduct that analysis in the first instance.  Accordingly, the judgment of the district court is

**VACATED AND REMANDED.**