UNITED STATES of America,
Plaintiff–Appellee,

v.

Rodney PRESSLER, Defendant–Appellant.

No. 15–10228

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 4, 2016.

Nancy J. Hess, Lennard B. Register, III, Robert G. Davies, Tiffany H. Eggers, Pamela C. Marsh, U.S. Attorney's Office, Pensacola, FL, for Plaintiff–Appellee.

Patricia Jean Kyle, Patricia Jean Kyle, Esq., Ellijay, GA, for Defendant–Appellant.

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Rodney Pressler appeals the district court's revocation of his supervised release and imposition of a 33–month sentence. On appeal, Defendant argues that the district court erred by: (1) not giving him credit for time spent in detention on a writ of habeas *ad prosquendum* and (2) determining that he was competent to proceed with the supervised release revocation proceedings.[1] After careful review, we affirm.

## I. BACKGROUND

In 1994, Defendant pled guilty in the Middle District of Pennsylvania to aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (b), 2, and to aiding and abetting interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314, 2. He was sentenced to 204 months' imprisonment, followed by five years of supervised release. Upon his release from custody on the above convictions, Defendant began his term of supervised release in September 2009.

In March 2012, jurisdiction over this term of supervised release was transferred to the Northern District of Florida. Shortly thereafter, the supervising probation officer filed a petition seeking revocation of Defendant's supervised release based on his commission of new criminal conduct. According to the petition, Defendant had violated mandatory conditions of his supervised release prohibiting new violations of the law, as evidenced by (1) his citation for driving with a suspended license in 2011 and (2) his robbery of a bank and resisting arrest in Okaloosa County, Florida on February 11, 2012.

With this petition pending, Defendant pled guilty in February 2014 to the state charges of bank robbery and resisting arrest. He was sentenced to 10 years' imprisonment in the custody of the Florida Department of Corrections. A federal magistrate judge thereafter issued a writ of habeas corpus *ad prosequendum* to Florida correctional officials in March 2014 to obtain Defendant's appearance at the revocation hearing, which was subsequently held in January 2015.

Prior to the revocation hearing, Defendant moved for a mental examination to determine his competency to stand trial and his mental condition at the time he committed the offenses underlying the revocation petition. The district court ordered a psychiatric evaluation and Dr. Rodolfo Buigas, a forensic exam coordinator, completed a forensic report that summarized Defendant's prior mental health evaluations and included Dr. Buigas's own evaluation. As to Defendant's prior evaluation, Dr. Buigas noted that Dr. John Bingham had evaluated Defendant in 2011 and diagnosed him with opioid dependency, bipolar disorder not otherwise specified, and antisocial personality disorder. In a subsequent evaluation in 2012, Dr. Bingham determined that Defendant was not competent to stand trial on the Florida bank robbery and resisting arrest charges.

---

1. Defendant asserts in the "issue statement" section of his brief that the district court erred by not granting a downward departure based on his mental condition. Defendant also makes a passing reference in the "summary of the argument" section that the district court failed to consider the effect the career offender enhancement from his original sentencing should have on the sentence imposed for violating the terms of his supervised release. Because Defendant has made nothing more than passing references to these arguments and failed to elaborate on them, he has abandoned them on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1284 n. 8 (11th Cir.2003) (concluding that a defendant abandons an argument if he fails to "plainly and prominently" raise the issue in his appellate brief).

Later though, a different doctor, Dr. Marcellus Taylor, concluded that Defendant was competent to stand trial on the Florida charges, finding that Defendant had been exaggerating and malingering symptoms of mental illness.

As to Dr. Buigas's own findings, he recommended that Defendant be found competent to proceed at the upcoming supervised release revocation hearing, concluding that Defendant displayed no symptoms suggesting an impairment of his ability to understand the legal process or to assist in his own defense. Similarly noting the absence of any indication of a severe mental illness that would inhibit Defendant's ability to understand the nature and consequences of his actions, Dr. Buigas opined that Defendant was criminally responsible for his behavior at the time of the offense.

In January 2015, the district court held a combined competency and revocation hearing. The district court explained that Dr. Buigas had evaluated Defendant and determined that Defendant was competent to proceed. While Defendant's counsel took issue with some of the findings in the evaluation, she did not object to Dr. Buigas's ultimate conclusion that Defendant was competent to proceed. Counsel then reiterated, "ultimately we concur that [Defendant] is competent to go forward." The district court stated that it had considered the present and prior evaluations and, without any evidence to the contrary, it adopted Dr. Buigas's findings, concluding that Defendant was competent to proceed.

The district court further concluded that Defendant had violated the terms of his release by committing the two new offenses. Revoking Defendant's supervised release, the court imposed a sentence of 33 months' imprisonment to run consecutively to Defendant's state sentence for the Florida offenses underlying the revocation petition, followed by a 24–month term of supervised release.

## II. DISCUSSION

### A. Credit for Time Served

Now back in custody serving his Florida sentence for bank robbery, Defendant complains in this federal appeal that the Florida prison system has failed to give him credit for the ten months he was in federal custody on the writ used to secure his presence at the revocation hearing. Defendant does not indicate the basis for his belief that the State of Florida will not award credit for that ten-month period of time on his Florida sentence.[2] So, we have no way of determining whether that assertion is even accurate.

Moreover, Defendant surmises that once he begins serving his federal sentence, the Federal Bureau of Prisons will also refuse to give him credit for the ten-month detention period, meaning this ten months will count toward neither sentence and become "dead time." As it would obviously be unfair for this ten-month custodial period not to count against either the state or federal sentence, Defendant seemingly argues that the district court should have anticipated this potential problem at his revocation hearing, and pursuant to U.S.S.G. § 5G1.3(b), it should have downwardly departed from its 33–month sentence. Although Defendant does not spell

2. Defendant states, "The record demonstrates that at sentencing, Mr. Pressler was not and has not been given credit, either by the State of Florida or the Federal Court, for the approximately 10 months he spent in federal custody pursuant to the *Writ of Habeas Corpus* *Ad Prosequendum* issued by the Federal Government....(DE. 8)" We have found nothing in the record, however, that indicates how either Florida or the Bureau of Prisons will handle attribution of this ten-month period of time.

out the level of downward departure that would have been sufficient to account for this anticipated imbalance, we assume that he is seeking a ten-month departure, down to a 23–month federal sentence. Defendant would like us to now remand the case to the district court to consider his belated request for this downward departure.

There are several problems with Defendant's argument. First, he never brought up any of these concerns to the district court at the revocation hearing. Unless the court were clairvoyant, it could not have been expected to anticipate how the State of Florida would calculate the time Defendant was out on a writ nor to intuit that a downward departure would provide a mechanism to correct a decision that Florida officials had yet to make. Indeed, it is apparent that defense counsel likewise did not envision this problem because, although she requested a downward departure on other grounds, she never based that request on the ground now raised on appeal. Specifically, counsel requested the court to downwardly depart from the advisory Guidelines range and impose a one-year sentence, combined with a longer period of supervision to address Defendant's mental problems. In addition, she advocated for a departure because, as a result of the federal detainer on Defendant, Defendant would likely be unable to participate in programs that might permit an earlier release from his Florida sentence.[3] But never did counsel request a downward departure because she feared that the State might not give him credit for the period of time he was on a federal writ.

Nevertheless, on appeal, Defendant argues that the district court should have downwardly adjusted (or departed) from its intended sentence, pursuant to U.S.S.G. § 5G1.3(b), for the purpose of giving Defendant credit for the ten months he was housed in federal custody on the federal writ. To the extent that Defendant is arguing that a downward adjustment was mandatory, we disagree. Under § 5G1.3(b)(1), if "a term of imprisonment resulted from another offense that is *relevant conduct* to the instant offense of conviction ... the sentence for the instant offense shall be imposed as follows: (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1) (emphasis added).

But here Defendant's state offenses did not constitute relevant conduct for purposes of the conduct underlying the revocation decision. Instead, the state offenses *were* the conduct that provided the basis for revocation of his supervised release. Moreover, the Guidelines indicate a preference that any sentence of imprisonment imposed upon a revocation of supervised release be made to run consecutively to any term of imprisonment being served at the time of revocation, even if the conduct giving rise to the revocation is the same conduct for which the defendant is serving a sentence. *See* U.S.S.G. § 7B1.3(f).

Of course, the fact that the district court was not required to adjust downwardly Defendant's sentence does not mean that it lacked the discretion to do so for any

---

**3.** Concerned about Defendant's volatility and mental instability, as well as the fact that he had committed an armed bank robbery while on supervised release for another armed bank robbery, the district court declined to depart down, instead imposing a sentence within the advisory Guideline range (33 months) and running that sentence consecutively to the state sentence.

lawful reason, including consideration of the amount of time that Defendant might actually serve on his Florida sentence. Indeed, from the time when it was promulgated in 1990—and well before the Supreme Court's decision rendering the entire Sentencing Guidelines advisory[4]—the chapter of the Guidelines governing revocation of probation and supervised release (Chapter 7) has always been advisory. Accordingly, the district court certainly had the discretion to impose a lower sentence than it did.

■ But as a practical matter, it is clear that no one, including Defendant, envisioned at the time of the revocation hearing that Florida might not give Defendant credit for the ten months he was away from Florida's custody on a federal writ. It is hard to fault the district court for failing to predict something that Defendant likewise did not foresee. Further, as to the matter before us, the district court was not empowered to determine how the Bureau of Prisons should calculate the time that Defendant had already served for purposes of determining the remaining length of his federal sentence. *See* 18 U.S.C. § 3585(b) (providing that the Attorney General, through the Bureau of Prisons, is responsible for calculating credit for time spent in official detention prior to the commencement of the sentence); *United States v. Wilson,* 503 U.S. 329, 331–32, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Alexander,* 609 F.3d 1250, 1259 (11th Cir.2010).

Moreover, the district court was well aware that it could impose a concurrent sentence. Specifically, at the conclusion of the hearing, the court inquired whether there was "[a]nything else" the parties wanted to mention, before the court concluded the proceedings. In response, defense counsel inquired, for purposes of "the appeal record," whether the court was aware that it had the discretion to impose a concurrent or partially concurrent sentence. The district court answered that it was aware that it had the discretion to impose such a sentence, but had chosen not to do so.[5]

All is not lost here for Defendant, however. If in fact the State of Florida does ultimately refuse to give him credit for the ten months he was away from their custody on the federal writ and if, upon assuming custody of Defendant at the conclusion

---

4. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

5. Although not mentioned by Defendant in his brief or otherwise, we note that the district court failed to elicit formal objections at the conclusion of the revocation proceeding, as it was required to do under *United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.1990), *overruled on other grounds sub nom. United States v. Morrill,* 984 F.2d 1136 (11th Cir. 1993) (*en banc*). Although the court inquired of counsel, "Anything else," we have held that such an inquiry is insufficient to comply with *Jones. See United States v. Campbell,* 473 F.3d 1345, 1348 (11th Cir.2007) (concluding that the district court's inquiry about whether the parties had "anything further" during a supervised release revocation hearing was insufficient to comply with *Jones*).

Yet, we are not obliged to remand based on a court's non-compliance with *Jones* when the defendant has failed to articulate a *Jones* error on appeal and when the record is sufficient to enable meaningful appellate review. *See United States v. Johnson,* 451 F.3d 1239, 1242 (11th Cir.2006). Here, Defendant did not raise a *Jones* claim on appeal and the record is sufficient for us to review Defendant's substantive Guidelines' argument. But because the district court failed to formally elicit objections, we have reviewed Defendant's claim pursuant to a *de novo* standard of review, instead of the plain error standard that would otherwise be applicable to Defendant's unpreserved claim. *See United States v. Smith,* 480 F.3d 1277, 1278 (11th Cir. 2007).

of his Florida sentence, the Bureau of Prisons likewise refuses to give Defendant credit for that time against his federal sentence, Defendant may bring a legal action seeking credit for time served, via a 28 U.S.C. § 2241 petition and after exhausting all administrative remedies. *See United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir.2000).

But on this direct appeal of his sentence, we find no reversible error in the district court's failure to *sua sponte* anticipate the calculation problem that Defendant now fears and to address that matter at the revocation hearing. Moreover, we can discern no good (or valid) purpose that would be served by remanding the case at this time for a second sentencing hearing to address Defendant's concerns. At the present time, the Defendant is still not in the custody of the Bureau of Prisons, and therefore the district court would be in no better position at a second hearing to anticipate how the Bureau might ultimately decide this matter than it would have been at the first hearing. Accordingly, we affirm Defendant's sentence.

### B. Competency

Defendant argues for the first time that the district court erred by finding that he was competent to participate in his revocation hearing because the record clearly demonstrated that his mental health issues prevented him from participating in his own defense.

We review a district court's determination on a defendant's competency to stand trial for clear error. *United States v. Bradley*, 644 F.3d 1213, 1267 (11th Cir. 2011). We review a district court's decision not to order a competency hearing for an abuse of discretion. *United States v.*

*Perkins*, 787 F.3d 1329, 1339 (11th Cir. 2015). However, where a party induces or invites the district court into making an error, this Court is precluded from reviewing that error on appeal. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *Perkins*, 787 F.3d at 1339 (quotations omitted). In order for a defendant to be found competent to stand trial, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him." *Bradley*, 644 F.3d at 1268 (quotation omitted). A district court is permitted to rule on a defendant's competence without a full hearing, provided the court has no "bona fide doubt" as to the competency of the defendant. *Perkins*, 787 F.3d at 1339.

Defendant invited any potential error concerning the district court's finding that he was competent to participate in the supervised release revocation proceedings because Defendant's counsel affirmatively stated that he was competent to proceed. *Brannan*, 562 F.3d at 1306. Although Defendant's counsel indicated that she took issue with some of Dr. Buigas's findings in the forensic report, counsel explicitly stated, "ultimately we concur that [Defendant] is competent to go forward."

Nevertheless, even if we were to conclude that the invited error doctrine did not apply, Defendant would not prevail on this argument. We note that Defendant challenges the district court's competency finding for the first time on appeal. Although we typically review a preserved challenge to a district court's competency

determination for clear error, we review arguments raised for the first time on appeal for plain error.[6] *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007); *see also United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir.2014) (applying plain error review to defendant's argument raised for the first time on appeal challenging the district court's determination that she was competent to plead guilty). But regardless whether the appropriate standard of review is clear or plain error, Defendant's claim fails under either standard.

■ The evidence before the district court showed that Defendant had a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and had a factual understanding of the nature of the charges against him. *See Bradley*, 644 F.3d at 1268. Dr. Buigas's forensic report addressing Defendant's mental health indicated that, although Defendant had mental health issues that had rendered him incompetent before, Defendant was currently competent to proceed with the revocation proceedings. Dr. Buigas noted that Defendant had no symptoms that would inhibit his ability to understand the legal process, and, in fact, Defendant had shown a sufficient factual and rational understanding of courtroom roles and proceedings. Although Defendant endorsed some "bizarre" symptoms, Dr. Buigas stated that this behavior was often found in persons attempting to feign trial competency. Indeed, Dr. Buigas concluded that Defendant met the criteria set forth in the Diagnostic and Statistical Manual of Mental Disorders (5th Edition) for classifying particular conduct as malingering. Thus, the district court neither clearly nor plainly erred in determining that Defendant was competent to proceed with the revocation proceedings.

Finally, to the extent Defendant also argues that the district court erred by ruling on his competency without a full evidentiary hearing, this argument is without merit. The district court held a combined competency and revocation hearing. Moreover, although the district court relied on Dr. Buigas's forensic report, Dr. Buigas's findings and summary of Defendant's prior psychological evaluations, in conjunction with Defendant's stipulation that he was competent to proceed, did not give rise to a "bona fide doubt" as to Defendant's competency. *Perkins*, 787 F.3d at 1339.

## III. CONCLUSION

For the above reasons, we affirm the district court's revocation of Defendant's supervised release and the sentence imposed.

**AFFIRMED.**

---

**6.** To warrant reversal under plain error review there must be "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and ... (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir.2013) (quotations omitted).