CLD-212                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3708
_____

UNITED STATES OF AMERICA

v.

ERNESTO ROMERO VIDAL, a/k/a Bemba


ERNESTO ROMERO VIDAL,
                                                 Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Cr. No. 13-cr-00431-001)
District Judge:  Honorable William J. Martini

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: April 18, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ernesto Vidal appeals the District Court's denial of his "Motion to Correct Sentence." For the reasons that follow, we will grant the Government's motion for summary action, vacate the District Court's order, and remand the case to the District Court.

Vidal, a federal prisoner, was convicted in 2012 in the United States District Court for the Southern District of Florida of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), and selling stolen goods in violation of 18 U.S.C. § 2315. On October 25, 2012, he was sentenced to 70 months of imprisonment. On November 1, 2012, Vidal was transferred to New Jersey to face additional federal charges. In 2013, he was convicted in the United States District Court for the District of New Jersey of conspiracy to receive and sell stolen goods in violation of 18 U.S.C. § 371, and related offenses. He was sentenced on December 18, 2013, to 80 months of imprisonment, with his sentence to run concurrently with the sentence imposed by the Florida District Court.

In 2015, Vidal filed a "Motion to Correct Sentence" in both the Florida District Court and the New Jersey District Court seeking 180 days' credit for time served from the date of his arrest, May 3, 2012, until his sentencing in the Florida District Court, and 13 months and 18 days' credit for the time in custody from his transfer to New Jersey until his sentencing there. The Florida District Court assumed that Vidal had received credit for his time served in detention prior to the date of sentencing in Florida, and determined that Vidal's request for credit for time served after his sentencing there was more properly addressed by the New Jersey District Court. It therefore dismissed the

2

motion and, alternatively, to the extent Vidal sought relief pursuant to 28 U.S.C. § 2241, denied it. Vidal did not appeal from that judgment.

The New Jersey District Court denied the motion on the merits, and this appeal ensued. The Government has filed a motion for summary action. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's order. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The authority to calculate a federal prisoner's period of incarceration for a federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Federal Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35 (1992). Because Vidal's claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981); accord United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). A § 2241 petition is properly filed in the jurisdiction in which the prisoner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") (citations omitted); Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994) ("A district court's habeas corpus jurisdiction is territorially limited

and extends only to persons detained and custodial officials acting within the boundaries of that district." (citations omitted)).  At the time Vidal filed his motion, he was confined in a facility outside the territory of the District of New Jersey.[1]  See Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990) (noting that jurisdiction over a habeas petition is determined at the time it is filed).  Accordingly, the District Court lacked jurisdiction to consider his motion.

Based on the foregoing, we will grant the Government's motion for summary action, vacate the District Court's order, and remand this case to the District Court with instructions to dismiss it without prejudice, or alternatively transfer the matter under 28 U.S.C. § 1631 to the appropriate venue.

---

[1]  Vidal's motion indicates that, at the time of filing, he was located at D. Ray James C.I., a facility located within the territory of the Southern District of Georgia.  See http://www.uscourts.gov/court-locator/zip/31537/court/district (last visited March 29, 2016).  The Government indicates on appeal that Vidal is now being held in FDC Miami, which is located within the Southern Florida judicial district.  See https://www.bop.gov/locations/institutions/mim/ (last visited March 29, 2016).