[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10575
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cr-00101-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN DANIEL ROBERSON,
a.k.a. Kevin Daniel Robertson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 20, 2018)

Before MARCUS, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Kevin Daniel Roberson, a federal prisoner proceeding *pro se*, appeals the district court's denial of his request for credit for time served in state custody on a related state sentence.  After careful review, we affirm the district court, albeit for different reasons.[1]

In 2015, Roberson was sentenced to serve 24 months in federal prison after pleading guilty to possession of a firearm by a convicted felon.  *See* 18 U.S.C. § 922(g)(1).  At the time, there were two pending state cases against him, one related to the federal offense (the "state firearm case") and one not (the "state burglary case").  The district court ordered his federal sentence to run concurrent to any sentence imposed in the state firearm case but consecutive to any sentence imposed in the state burglary case.  Sometime thereafter, Roberson was sentenced on both state cases to a total term of 36 months, with all state sentences to run concurrent with any other sentence, including the federal sentence.

In late 2017, Roberson, who was in federal custody, filed the motion giving rise to this appeal.  In his "Motion Requesting Prior Jail Credit and a Nunc Pro Tunc Designation," Roberson sought a "nunc pro tunc designation to allow his jail credit to start retroactively with the State of Florida sentence."  He said that, because his federal sentence ran concurrent with the sentence for the state firearm case, "he should have been given credit for the time he previous[ly] served in [state

---

[1] We may affirm the district court's judgment on any ground adequately supported by the record.  *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).

custody]."   While he noted that the Bureau of Prisons ("BOP") normally makes these types of determinations, he suggested that the court had the authority to grant his relief because it had "specifically ordered defendant's 24 month federal sentence to run concurrent" with the sentence for the state firearm case.

The district court denied Roberson's motion in a short order.  According to the court, he had received jail credit for the state burglary case, and the sentence in that case was consecutive to the federal sentence.  The court did not reference the state firearm case.

Roberson moved the court to reconsider its ruling based on the fact that the state judge intended for the sentences in both state cases to run concurrent with the federal sentence.  He cited an attached letter from a federal public defender, which noted that, while the state judge's decision was not binding on the district court, the district court may have sentenced Roberson differently if it had known how the state court would sentence him.  The court denied the motion for reconsideration, and Roberson now appeals the denial of both motions.

We first consider the district court's jurisdiction over Roberson's motion. Roberson did not clearly identify the basis for his *pro se* motion, and the court did not address the issue.  Nevertheless, we liberally construe the motion to determine whether it is cognizable under any "remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624 (11th Cir. 1990).  A claim for credit for time served is

3

cognizable under 28 U.S.C. § 2241 as a challenge to the execution of a sentence. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008); *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). Accordingly, the court had jurisdiction under § 2241.

As for the merits, we find that Roberson's request of the district court was, at best, premature. The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts. *United States v. Wilson*, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b)). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." *Nyhuis*, 211 F.3d at 1345 (quotation marks omitted). Federal regulations afford prisoners administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10–542.19.

Because the BOP has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *Williams*, 425 F.3d at 990 (quotation marks omitted). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under § 2241. *Nyhuis*, 211 F.3d at 1345.

Here, Roberson's filings do not show that he has exhausted his administrative remedies by requesting a credit from the BOP. In fact, he suggested that he did not need to. But we agree with the government that "it will serve a worthwhile purpose" for him to do so. Roberson's filings do not provide many of the factual details either we or the district court would need to fully address his claim, and the BOP is in a much better position to determine whether Roberson is entitled to any credit for time served in state custody on the state firearm case. Accordingly, we conclude that it would be premature for this Court to address the issue until he has exhausted his administrative remedies. *See Williams*, 425 F.3d at 990 ("Until Williams exhausts his administrative remedies, this issue is not ripe for judicial review."); *cf. Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) (addressing the merits of the prisoner's claim for credit where the prisoner "ha[d], without success, exhausted the means he has available to get the [BOP] even to consider his plight").

Ultimately, given the way the state court structured his state sentences, it may be that Roberson's request could not be fulfilled without altering the terms of his original federal sentence. But to the extent Roberson seeks a change in his original sentence, the district court lacked the authority to grant that relief. As a general rule, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). And Roberson's motion does not fit within

5

any of the recognized exceptions to the general rule. *See id.* So if he intended to have the court resentence him and alter the construction of his federal sentence in relation to the state sentences, the district court could not grant that relief.[2]

Finally, we note that Roberson does not appear to attack the validity of the original sentence. He describes his requested relief as consistent with the district court's original sentencing decision. And he requested a *nunc pro tunc* order, which "merely recites court actions previously taken but not properly or adequately recorded." *Cypress Barn, Inc. v. W. Elec. Co., Inc.*, 812 F.2d 1363, 1364 (11th Cir. 1987). While collateral attacks on the validity of a federal sentence, as opposed to the execution of the sentence, must be brought under 28 U.S.C. § 2255, *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005), we do not read Roberson's motion as raising such a claim.

For these reasons, we affirm on other grounds the district court's denial of Roberson's motion for jail-time credit and his motion for reconsideration. I Roberson wishes to pursue further judicial review, he must first pursue the administrative remedies available to him through the BOP.

**AFFIRMED.**

---

[2] Roberson claims that the district court could have granted his motion under U.S.S.G. § 5G1.3, but that guideline does not authorize a court to make a post-judgment credit award or to alter the terms of a sentence. *See United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000); 18 U.S.C. § 3582(c). Plus, as the government points out, Roberson's original sentence appears to be consistent with that guideline.

6