[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12064

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANTZ STERLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20264-JLK-6

_____

Before ROSENBAUM, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Frantz Sterlin, a federal prisoner proceeding *pro se*, appeals the district court's denial of his self-styled post-judgment motion for "jail time credit." He argues that the district court assured him he would receive credit for the time he spent in pretrial detention, under 18 U.S.C. § 3585(b)(1) and (2), but he never received such credit. The government responds by moving for summary affirmance of the district court's order and a stay of the briefing schedule. It argues that none of the conditions warranting a sentence reduction under 18 U.S.C. § 3582 existed, the district court lacked the authority to modify his sentence on any other grounds, and Sterlin failed to exhaust the administrative remedies necessary to challenge the lack of credit for time served under 28 U.S.C. § 2241. After reading the parties' briefs and reviewing the record, we grant the government's motion for summary affirmance and deny as moot its motion to stay the briefing schedule.

## I.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."

*Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We will review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 2635 (2021).

We construe *pro se* pleadings liberally. *United States v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019). We may "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). However, all litigants must comply with the applicable procedural rules, and we will not "serve as *de facto* counsel for a party . . . or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Additionally, a litigant abandons an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying the same to a *pro se* litigant).

## II.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

expressly permits.  18 U.S.C. § 3582(c)(1)(B).  Section 3585 provides that a defendant "*shall be given credit* toward the service of a term of imprisonment *for any time he has spent in official detention prior to the date the sentence commences* [either] (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which [he] was arrested after the commission of [that offense]."  18 U.S.C. § 3585(b) (emphasis added).  However, "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court."  *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010).  Accordingly, a prisoner may seek judicial review in this respect only after exhausting his administrative remedies.  *Id.* at 1259–60; *see also United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

A "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).  Specifically, it may only do so where, among other things, (i) a statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, or (ii) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission and certain other requirements are met.  *See United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010) (applying the pre-First Step Act rules); 18 U.S.C. § 3582(c)(1)(A) (allowing courts to grant compassionate release upon motions filed by prisoners).

Rule 35 allows a district court to correct a defendant's sentence (i) within 14 days of sentencing, if the sentence resulted from clear error, (ii) upon government motion within one year of sentencing, if the defendant provided substantial assistance in investigating or prosecuting another person, or (iii) upon government motion more than one year after sentencing if the defendant provided substantial assistance and certain other conditions are met. *See* Fed. R. Crim P. 35.

## III.

Here, summary affirmance is appropriate as to Sterlin's argument that he is entitled to credit for time served under § 3585(b)(1) and (2) because that statute does not provide an independent cause of action for judicial review. *See Alexander*, 609 F.3d at 1259; *Nyhuis*, 211 F.3d at 1345. Accordingly, Sterlin was required to first exhaust his administrative remedies before proceeding under § 2241. The government argued to the district court that Sterlin had not done so, and he does not argue on appeal that he did so. *See Id.* Therefore, we conclude that Sterlin has abandoned any argument that the district court should have construed his motion as one under § 2241 instead of § 3582. *See Irwin*, 40 F.3d at 347 n.1. Further, he did not identify any reason under § 3582 for the district court to modify his total sentence, and it therefore correctly concluded that no such reason existed. *See Phillips*, 597 F.3d at 1195. Because of that, and because Sterlin does not identify on appeal any other basis for this court to modify his sentence, we

conclude that the government's position is clearly correct as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

For the aforementioned reasons, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.